# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LINDA MATYLEWICZ,** | : | Civil No. 3:19-CV-1169 |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Judge Mariani)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **COUNTY OF LACKAWANNA** | : | |
| **TRANSIT SYSTEM AUTHORITY,** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM OPINION[1]

### I.  Statement of the Case

This employment discrimination case comes before us on the plaintiff's motion to disqualify defense counsel. (Doc. 17). Linda Matylewicz filed this action against the County of Lackawanna Transit System Authority ("COLTS"), alleging that she was terminated in violation of the Age Discrimination in Employment Act

---

[1] We have addressed this motion by memorandum and order because we deem a disqualification motion as a non-dispositive matter under § 636(b)(1)(A) that may be ruled on by a magistrate judge, subject to review by a district judge under the clearly erroneous or contrary to law standard. Mruz v. Caring, Inc., 166 F. Supp. 2d 61 (D.N.J. 2001)(held a motion to revoke an attorney's pro hac vice status is a non-case-dispositive matter) Andrews v. Goodyear Tire & Rubber Co., Inc., 191 F.R.D. 59 (D.N.J. 2000) (matters concerning the disqualification of counsel and pretrial discovery are invariably treated as non-case-dispositive pretrial motions by courts in this jurisdiction and elsewhere).

("ADEA"), 29 U.S.C. § 621, *et seq*. Subsequently, Matylewicz filed the instant motion to disqualify defense counsel, claiming that defense counsel represented her in a prior, case, Kaczmerak v. COLTS, et al., No. 3:17-CV-950. In Kaczmerak, the plaintiff alleged that his FMLA claims were mishandled, and Matylewicz was named as a defendant in her capacity as Human Resources Director for COLTS with respect to that claim. Matylewicz's employment with COLTS was allegedly terminated shortly after the Kaczmerak suit was settled.

Having been terminated by COLTS, in July of 2019 Matylewicz brought her own workplace discrimination claims against her former employer. In her complaint, Matylewicz contends that she was terminated from COLTS due to age discrimination. (Doc. 1). For its part, COLTS claims that it had a legitimate, nondiscriminatory reason for terminated Matylewicz's employment due to work performance issues. Matylewicz asserts that her alleged mishandling of FMLA matters is the only proffered legitimate reason for her termination, and thus, because Kaczmerak's suit involved FMLA matters, the lawsuits are substantially similar. Thus, Matylewicz contends that counsel should be prohibited from representing COLTS in this matter.

Notably, the plaintiff's motion to disqualify counsel is unsupported by any affidavits or other evidentiary material which would crystalize or clarify the nature of this potential conflict. Thus, Matylewicz does not allege that she shared any client

confidences with COLTS counsel in the Kaczmerak suit which may now be used in an inappropriate fashion. In fact, she provides no evidentiary support whatsoever for this motion to disqualify. In contrast, the defendant has provided a detailed affidavit by counsel which contends that counsel's representation of Matylewicz in Kaczmerak was extremely limited, did not entail any confidential communications, may not have involved any communications whatsoever, and thus, disqualification is inappropriate.

Further, while it seems that the potential conflict in this case would have been apparent when defense counsel entered their appearance in August 2019, and made their initial disclosures in October of 2019, identifying Mr. Kaczmerak as a potential witness, many months elapsed before the plaintiff filed this motion to disqualify in February of 2020. While we recognize that there may be instances in which this defense representation may be problematic, the plaintiff's motion, which is bereft of any factual support, provides no grounds for making a determination that disqualification is warranted in this case at this time. Therefore, after consideration, we find that the plaintiff has not met her burden to show that defense counsel's continued representation of COLTS in this case is impermissible. Accordingly, the motion to disqualify will be denied without prejudice.

**II.     Discussion**

**A. Motion to Disqualify Standard of Review**

It is well settled that one of the inherent powers of any federal courts is the supervision of the lawyers who practice before it. See In re Corn Derivatives Antitrust Litig., 748 F.2d 157, 161 (3d Cir. 1984); Commonwealth Ins. Co. v. Graphix Hot Line, Inc., 808 F.Supp. 1200, 1203 (E.D. Pa. 1992). As the Eastern District of Pennsylvania court observed in Graphix Hot Line, "[c]ourts have vital interests in protecting the integrity of their judgments, maintaining public confidence in the integrity of the bar, eliminating conflicts of interests, and protecting confidential communications between attorneys and their clients." Id. As part of their responsibility and authority to protect these interests, courts are empowered to disqualify lawyers from representing particular clients, if warranted. Id.; Henry v. Delaware River Joint Toll Bridge Comm'n, No. CIV. A. 00–6415, 2001 WL 1003224, at *1 (E.D. Pa. Aug. 24, 2001). It should be underscored, however, that "even if a court finds that counsel violated the Pennsylvania Rules of Professional Conduct, disqualification is not mandatory." AgSaver LLC v. FMC Corp., No. CIV. A. 11–997, 2011 WL 2274178, at *3 (E.D. Pa. June 9, 2011) (citing Jordan v. Phila. Housing Auth., 337 F.Supp.2d 666, 672 (E.D. Pa. 2004)). In this regard, the Third Circuit has cautioned that a court:

> [S]hould disqualify an attorney only when it determines, *on the facts of the particular case*, that disqualification is an appropriate means of

> enforcing the applicable disciplinary rule. It should consider the ends that the disciplinary rule is designed to serve and any countervailing policies, such as permitting a litigant to retain the counsel of her choice and enabling attorneys to practice without excessive restrictions.

United States v. Miller, 624 F.2d 1198, 1201 (3d Cir. 1980)(emphasis added). In consideration of this cautionary instruction, district courts should remain mindful that a party's "choice of counsel is entitled to substantial deference." Hamilton v. Merrill Lynch, 645 F.Supp. 60, 61 (E.D. Pa. 1986). Accordingly, '[d]isqualification is a harsh measure, and therefore, 'motions to disqualify opposing counsel generally are not favored.' " Com. Ins. Co. v. Graphix Hot Line, Inc., 808 F. Supp. 1200, 1203 (E.D. Pa. 1992). Consistent with this view that motions to disqualify are disfavored it is well-settled that:

> The party seeking to disqualify opposing counsel bears the burden of clearly showing that continued representation would be impermissible. Commercial Credit Bus. Loans, Inc. v. Martin, 590 F.Supp. 328, 335–36 (E.D.Pa.1984). Vague and unsupported allegations are not sufficient to meet this standard.

Cohen v. Oasin, 844 F. Supp. 1065, 1067 (E.D. Pa. 1994).

In addition, "the court must prevent litigants from using motions to disqualify opposing counsel for tactical purposes." Id. Because "[d]isqualification is a harsh measure, ... 'motions to disqualify opposing counsel generally are not favored.'" Graphix Hot Line, 808 F.Supp. at 1203 (quoting Hamilton, 645 F.Supp. at 61). "To disqualify opposing counsel, the moving party must clearly show that continued representation would be impermissible." Regional Employers' Assurance Leagues

5

Voluntary Employees' Beneficiary Ass'n Trust v. Castellano, No. CIV. A. 03–6903, 2005 WL 856928, at *2 (E.D. Pa. Apr. 12, 2005) (citing Cohen v. Oasin, 844 F.Supp. 1065, 1067 (E.D. Pa. 1994)); see also James v. Teleflex, Inc., No. CIV. A. 97–1206, 1999 WL 98559, at *3 (E.D. Pa. Feb.24, 1999) (party moving for disqualification bears the burden of showing that the representation is impermissible). On the other hand, some courts have concluded that where a court has doubts regarding the existence of an ethical rule violation, they should be construed in favor of disqualification. AgSaver LLC, No. CIV. A., 11–997, 2011 WL 2274178, at *3.

Here, the plaintiff's motion is based on Pennsylvania Rule of Professional Conduct 1.9, which prohibits an attorney from representing a client in a matter that is substantially related to the representation of a former client when the former and current client are materially adverse, and the plaintiff does not consent to the representation. Pa. Rule Prof'l Conduct No. 1.9(a). The rule additionally prohibits the attorney from using information to the disadvantage of the former client when it is related to the prior representation. Id. As the rule itself suggests, and as the parties acknowledge, many controversies arising under this rule of professional conduct turn upon whether the matter in which counsel are engaged against a former client is "substantially related" to the representation of the former client. It is this aspect of the rule that requires the most careful assessment in resolving the pending motion. Thus, under Rule 1.9(a), "[d]isqualification . . . is required if (1) the former

representation is the same or substantially related to the present matter, (2) the interests of counsel's current client are materially adverse to the interests of the former client, and (3) the former client has not consented." Jordan, 337 F.Supp.2d at 672. However, we again note that "even if a court finds that counsel violated the Pennsylvania Rules of Professional Conduct, disqualification is not mandatory." AgSaver LLC, No. CIV. A. 11–997, 2011 WL 2274178, at *3 (citing Jordan, 337 F.Supp.2d at 672).

### B.  The Plaintiff's Motion Will Be Denied.

The plaintiff in this case moves for disqualification of defense counsel based on the fact that defense counsel represented her in a previous lawsuit. There is no dispute that defense counsel entered an appearance on behalf of Matylewicz in Kaczmerak, and that the plaintiff does not consent to counsel's representation of COLTS in this matter, as the parties are materially adverse. Thus, our analysis turns on whether the two matters were substantially related to one another such that defense counsel should be prohibited from representing COLTS against Matylewicz in this suit and whether the prior representation of Matylewicz by current defense counsel works a substantial and unfair prejudice..

The plaintiff contends that in Kaczmerak, she was alleged to have mishandled FMLA matters when she worked for COLTS as the Human Resources Director. She claims that this mishandling of FMLA claims is the defendant's sole proffered

7

legitimate, nondiscriminatory reason for her termination in this case. Thus, she argues that this suit and the previous matter are substantially related, and that defense counsel may have acquired confidential information that can be used to disadvantage the plaintiff in this case. However, she advances this claim in an evidentiary vacuum. There are no affidavits or declarations by the plaintiff attesting to these claims, describing confidences shared with counsel, or even stating that Matylewicz ever communicated with current defense counsel for COLTS during the course of this prior litigation.

Given this evidentiary void, recognizing that disqualification motions are disfavored, and acknowledging that it is the movant's burden to show that continued representation is impermissible, we find that Matylewicz has fallen woefully short of that burden, as she has not produced any evidence regarding defense counsel's representation of her in the prior suit and has not shown that counsel acquired information that may be confidential and/or a disadvantage to the plaintiff in this case. Matylewicz simply argues that the plaintiff in the previous case has been identified as a witness in this case. Thus, she asserts that because counsel entered an appearance on her behalf and filed an answer to the complaint in Kaczmerak, counsel must have learned information that could disadvantage Matylewicz in this case, as that case dealt, in part, with Matylewicz's handling of FMLA claims. However, the plaintiff offers no factual support for these contentions.

8

On the other hand, the defendant has filed a 25-page affidavit of defense counsel, in which counsel claims that the representation of Matylewicz in the previous case was so limited that disqualification in this case would be inappropriate. (Doc. 19-1). In her affidavit, counsel contends that she never spoke with Matylewicz regarding the previous case, that there were no notes of any conversations regarding Matylewicz, and that no legal advice was given to Matylewicz. (Id., ¶¶ 14, 22, 35). Additionally, counsel asserts that there was very little activity in that case, where the defendants had filed a motion to dismiss, and the case was settled early on in the litigation. (Id., ¶¶ 7-8, 26). Moreover, defense counsel notes that the current litigation proceeded for over seven months before Matylewicz brought up the issue of disqualification. (Id., ¶¶ 37-72). Indeed, it appears that the parties in this case engaged in discovery and even attempted mediation before the issue of defense counsel's previous representation was mentioned. In addition, the plaintiff concedes that Kaczmerak was identified by name in the defendant's initial disclosures as early as September of 2019.

Given defense counsel's lengthy affidavit describing the nature of the prior representation, and the fact that the plaintiff has produced no evidence to the contrary, we find that the plaintiff has not overcome her burden of showing that the continued representation of COLTS by defense counsel is impermissible. The plaintiff has not produced any evidence showing that the prior representation is

9

substantially similar to the instant suit, or that counsel may have acquired confidential information that could be used to the plaintiff's disadvantage in this case. Accordingly, because motions to disqualify are generally disfavored, and the plaintiff has not met her burden to show that disqualification is warranted in this case, we will deny the motion to disqualify without prejudice to the plaintiff filing a later motion to disqualify that sets forth facts showing that counsel's continued representation is impermissible.

### III. <u>Conclusion</u>

Accordingly, for the foregoing reasons, we will deny the plaintiff's motion to disqualify defense counsel (Doc. 17) without prejudice to a later motion to disqualify setting forth facts to support such a motion.

An appropriate order follows.

<u>/s/ Martin C. Carlson</u>
Martin C. Carlson
United States Magistrate Judge