**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LINDA MATYLEWICZ,** | : | |
| | : | |
| **Plaintiff,** | : | **3:19-CV-1169** |
| **v.** | : | **(JUDGE MARIANI)** |
| | : | |
| **COUNTY OF LACKAWANNA TRANSIT** | : | |
| **SYSTEM AUTHORITY (COLTS),** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM OPINION

### I.  INTRODUCTION AND PROCEDURAL HISTORY

On July 9, 2019, Plaintiff Linda Matylewicz filed a Complaint against the County of

Lackawanna Transit System Authority ("COLTS") alleging discrimination in violation of the

Age Discrimination in Employment Act ("ADEA") (Count I) and violation of her Fourteenth

Amendment due process rights (Count II) (Doc. 1).  Plaintiff subsequently filed an Amended

Complaint against COLTS alleging only a claim of discrimination under the ADEA.  (Doc. 7).

This action was thereafter referred to Magistrate Judge Martin C. Carlson for the purpose of

conducting all pre-trial proceedings and issuing rulings or Reports and Recommendations

("R&R"s) on all pre-trial motions.  (Doc. 22).

In January, 2021, following the close of fact discovery, Defendant filed a Motion for

Summary Judgment (Doc. 30).

Presently before the Court is a R&R (Doc. 37) by Judge Carlson in which he recommends that COLTS' Motion for Summary Judgment be denied.  Defendant COLTS filed Objections (Doc. 38) to the R&R.  Plaintiff Linda Matylewicz filed a response to Defendant's Objections (Doc. 39) and COLTS filed a Reply brief (Doc. 40).

## II. ANALYSIS

A District Court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the Court.  28 U.S.C. § 636(b)(1)(B).  If a party timely and properly files a written objection to a Magistrate Judge's Report and Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *Id*. at § 636(b)(1)(C); *see also, Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); M.D. Pa. Local Rule 72.3.

 As noted by Judge Carlson, Defendant's asserted bases for requesting summary judgment are "extremely narrow" and "eschew[] other commonly pursued lines of attack upon this ADEA claim. . .", instead, as summarized by Judge Carlson, only arguing that "the failure of the plaintiff to precisely identify the age discrepancy here, coupled with her initial

error regarding the identity of her replacement, compels the entry of a judgment for the defense." (Doc. 37, at 6).[1]

Here, Defendant does not dispute that, at the summary judgment stage, Plaintiff has met the first three elements of her *prima facie* burden under the ADEA – that she was over 40 years of age, suffered an adverse employment action, and was qualified for her position. (*See* Doc. 37, at 13; *see generally*, Docs. 38; 38-1).  Nor does Defendant object to Judge Carlson's finding that Plaintiff's initial mistaken belief that she was replaced by a younger man ("Justin"), rather than Karla Ortiz, does not prevent her from meeting her *prima facie* burden.  Rather, COLTS argues that Judge Carlson erred by "erroneously plac[ing] the burden on Defendant to prove the age of Plaintiff's replacement, stating that Defendant had not tendered any evidence regarding the replacement's age." (Doc. 38-1, at 4-5). Defendant asserts that "as soon as the Court determined that Plaintiff cannot prove her replacement's age, summary judgment should have been instantly granted as a matter of law." (*Id.* at 5).  Defendant's argument is unpersuasive.

In this case, it is undisputed that Plaintiff was born on October 23, 1964, and was therefore 54 years-old at the time of her termination in November of 2018.  (*See* Dep. of Linda Matylewicz, at 4; Doc. 32, ¶ 2; Doc. 33, ¶ 2).  Thus, only the age of Karla Ortiz, the

---

[1] Judge Carlson has generously characterized Defendant's argument on summary judgment where COLTS' supporting brief focused almost exclusively on Plaintiff's initial misidentification of her replacement. (*See generally*, Doc. 31).  Although Defendant, in its Objections, focuses on Judge Carlson's finding that a genuine issue of material fact exists where the age of Plaintiff's actual replacement is unknown, Defendant, at best, only inferentially raised this specific argument in support of its motion for summary judgment.

individual hired to replace Plaintiff, and whether Plaintiff has established that Ms. Ortiz was "sufficiently younger" than her, is at issue.

The Court agrees with Judge Carlson that "we cannot conclude as a matter of law that the plaintiff has failed to set forth a *prima facie* case of age discrimination" (Doc. 37, at 16). When questioned as to the age of Karla Ortiz, Plaintiff stated that "[o]n her LinkedIn page, she probably looked like she was maybe in her 30s." (Dep. of Linda Matylewicz, at 51). Although this statement, alone, is too speculative to permit a finding that Plaintiff has met her *prima facie* burden, Plaintiff's statement is supported by the testimony of two other individuals who knew, and worked with, Ms. Ortiz. Susanne Green, Plaintiff's immediate supervisor at COLTS at the time she was terminated, stated that she worked with Ms. Ortiz after Ms. Ortiz was hired to replace Plaintiff and, when asked if she knew how old Ms. Ortiz "is or was at the time" that they worked together, responded that "[i]f I recall correctly, she's in her late 30's." (Dep. of Susanne Green, at 29-30; *see also*, *id.* at 11-12). Similarly, Robert Fiume, COLTS Executive Director, testified that Ms. Ortiz was "I believe in her late 30's, mid to late 30's" at the time she was hired to fill Plaintiff's position. (Dep. of Robert Fiume, at 48).

While it is well-established that, as part of the *prima facie* case, a plaintiff bears the burden of proof to demonstrate that she was replaced by an employee "sufficiently younger" than her, this standard does not require that the precise age difference between the plaintiff and her replacement be known in order to satisfy this burden. Instead, "[t]he requirement

that a plaintiff establish a *prima facie* case of discrimination 'is not intended to be onerous.'"

*Andersen v. Mack Trucks, Inc.,* 118 F.Supp.3d 723, 738 (E.D. Pa. 2015), *aff'd,* 647 F.App'x

130 (3d Cir. 2016) (quoting *Sempier v. Johnson & Higgins,* 45 F.3d 724, 728 (3d Cir. 1995)).

Rather, the "prima facie phase of discrimination litigation merely serves to raise a rebuttable

presumption of discrimination by eliminating the most common nondiscriminatory reasons

for the employers treatment of a plaintiff."  *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d

358, 365 (3d Cir. 2008) (internal quotation marks omitted).

Here, it is undisputed that Plaintiff was 54 years-old at the time she was terminated.

Thus, although Plaintiff has not come forward with evidence of Ms. Ortiz's specific age, the

testimony of three individuals, all of whom estimated Ms. Ortiz to be in her 30s, is sufficient

to find that Plaintiff has met her burden of proof as to the fourth element of her *prima facie*

case – specifically, that she was replaced by an employee who was "sufficiently younger"

than her.[2]

---

[2] While it seems unusual that, at this stage of the litigation, the plaintiff does not know the precise age of the person who replaced her, the difference between Ortiz's age estimated by Matylewicz, Green, and Fiume – *i.e.* "30s" – and Plaintiff's undisputed age of 54 years-old at the time of her termination, is sufficiently significant to permit a finding that Plaintiff has met her *prima facie* burden.  *See Showalter v. Univ. of Pittsburgh Med. Ctr.,* 190 F.3d 231, 236 (3d Cir. 1999)("In order for a plaintiff to satisfy the 'sufficiently younger' standard, [the Third Circuit has] noted that there is no 'particular age difference that must be shown,' but while '[d]ifferent courts have held ... that a five year difference can be sufficient, ... a one year difference cannot.'") (quoting *Sempier v. Johnson & Higgins,* 45 F.3d 724, 729 (3d Cir. 1995)).

This Court nonetheless agrees with Judge Carlson's incredulity that "neither party has disclosed the age of Matylewicz's actual replacement" (Doc. 37, at 15), particularly where Karla Ortiz, Plaintiff's replacement, is a COLTS employee and information such as her date of birth would presumably be available to, and known by, COLTS.  The Court is troubled that Plaintiff failed to request, or otherwise obtain, such a fundamental piece of evidence.

Finally, although the Court will adopt the R&R's factual and legal analysis, the Court declines to adopt the Magistrate Judge's recommendation that the motion for summary judgment be "denied without prejudice to renewal, if appropriate, once this crucial fact [Ms. Ortiz's exact age] is known or disclosed" (Doc. 37, at 16).  As Judge Carlson noted, COLTS' motion is "extremely narrow", "eschew[s] other commonly pursued lines of attack" upon an ADEA claim, and COLTS failed to argue that "[Plaintiff's] claim fails on any other legal grounds that may be available to it" (Doc. 37, at 6, 16).  If Defendant believed it had other viable or legitimate legal or factual bases to support its motion for summary judgment, such arguments should have been raised in one, comprehensive, motion and brief, prior to the expiration of the deadline for filing dispositive motions.  The Court will not allow the piece-meal filing of summary judgment motions by a party in repeated attempts to obtain judgment in its favor.

### III. CONCLUSION

For the reasons set forth above, upon *de novo* review of Magistrate Judge Carlson's R&R (Doc. 37), the Court will adopt the R&R and overrule Defendant's Objections (Docs. 38, 38-1).  The Court will thus deny COLTS' Motion for Summary Judgment (Doc. 30) and will scheduled this matter for trial.

A separate Order follows.

Robert D. Mariani
United States District Judge

6